**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Cleve MONTGOMERY, Defendant-Appellant.**

**No. 26067.**

United States Court of Appeals, Ninth Circuit.

April 7, 1971.

Rehearing Denied May 17, 1971.

Philip N. Andreen, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Brian E. Michaels, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BARNES, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

Robert Cleve Montgomery appeals from a judgment convicting him on both counts in an indictment which charged him—together with Ernest Bethel and Leora Nixon—with a violation of 18 U. S.C. § 545 (smuggling merchandise into the United States, i. e., approximately 50,000 seconal capsules and an equal number of amphetamine tablets) and of 18 U.S.C. § 371 (conspiring with said co-defendants and one Carol George to smuggle said merchandise).

The government's evidence was to the effect that Bethel and the two women named in the indictment started out from Pomona, California in Bethel's automobile for Tijuana, Mexico; that on the way Bethel picked up the defendant Montgomery (hereinafter "the defendant") whom he introduced to the two women merely as "Bob"; that on arriving at Tijuana the four went to the bar in a hotel where they sat at a table; that defendant left the others briefly; that shortly after his return, a Mexican, whom defendant introduced to Bethel and the others as "Johnny," joined the group; that after a considerable discussion, during which Bethel gave Johnny a roll of money and a watch, Johnny left; that later the same day, Johnny reappeared and engaged the defendant and Bethel in a brief conversation; that after Johnny left, Bethel did also, saying that he was going to meet Johnny and that the others should rejoin him (Bethel) when he returned with the automobile; that after approximately an hour Bethel did so and the four started back to the United States; that shortly before reaching the International Border, Bethel and the defendant alighted and told the women to drive the automobile across to the American side and that they would meet them there; that a United States customs officer, upon making a border search of the automobile, discovered concealed beneath and

behind the rear seat cushions six bags containing 30,000 seconal capsules, ten bags containing 50,000 amphetamine tablets and a derringer which belonged to the defendant.

The two women, who were immediately arrested, actively assisted the government in its investigation and the ensuing criminal prosecutions. They implicated defendant and Bethel and were witnesses for the government; each testified concerning the trip and pointed out the defendant as the person introduced to them as "Bob."

■ Defendant urges that these witnesses' in-court identification was the product of a tainted lineup, in that both acknowledged having gone to the police station following his arrest and viewed him there with no one else present save a police officer. But even assuming the procedure constituted an improperly conducted lineup, the witnesses' testimony shows beyond any reasonable doubt that the in-court identification rested not upon the witnesses seeing the defendant in jail, but instead upon their association with him during the ill-fated trip. United States v. Wade, 388 U.S. 218, 241 n. 33, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

■ We agree with defendant that the trial judge unduly restricted cross-examination of the two women with respect to their possible bias or prejudice and that he should have permitted a more extensive inquiry into that question; however, we are satisfied that on this record the error was not reversible.

However, we must disagree with defendant in his contention that the evidence was insufficient to support the verdict. The fact that defendant brought along a derringer on the trip; that defendant was the contact between Bethel and Johnny and, after making the introduction, joined in the ensuing discussions during which Bethel paid Johnny a considerable sum of money, coupled with the fact that defendant and Bethel left the car close to the border and directed their two women companions to drive it into the United States and that defendant's gun was hidden in the vehicle with the contraband, when considered in milieu constitute, in our judgment, substantial proof that defendant was not only an active participant in the commission of the acts constituting the alleged crimes and that he knew the wrongful quality of those acts, but that his participation was in furtherance of and pursuant to a pre-existing arrangement with Bethel.

■ Nor were the court's instructions erroneous, as defendant contends. The court declared in substance that the overt act requirement necessary to the existence of a criminal conspiracy was satisfied if the evidence established the commission of any of the overt acts specified in the indictment. One of such specifications was that the two women drove the automobile across the border into the United States.

■ Even if, as plaintiff contends, neither woman was a co-conspirator, nevertheless proof was adduced of a conspiratorial agreement between defendant and Bethel, and that the women drove the automobile at Bethel's direction. The act of an innocent person done at the instance of one member of a conspiracy and in furtherance of the conspiracy is, of course, deemed the act of all of its members.

Defendant's remaining point is not worthy of discussion.

There being no reversible error, the judgment is affirmed.